MICHAEL E. MURRAY *vs.* JOHN HAYNES & trustee,
JOHN AKINS, claimant.

Suffolk.   November 22, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Order.   Trustee Process.*

In an action of contract brought by trustee process, where the answer of the trustee
admitted the possession of a sum of money due to the defendant and such
fund in the hands of the trustee was claimed by a certain claimant as due to
him under an order in writing signed by the defendant and addressed to the
trustee, ordering the payment to the claimant of all money due to the defendant
for teaming sand and old brick to a certain church, it was *held,* that the questions
whether the order was given by the defendant to the claimant before the ser-
vice of the writ upon the trustee, whether at the time it was given any money
was due from the trustee to the defendant for teaming sand and old brick to
the church named in the order, and whether at the time of the service of the writ
upon the trustee any of the money still in the hands of the trustee was the money
covered by the order, and, if so, how much of it, were questions of fact to be
submitted to the jury upon the evidence in the case.

CONTRACT to recover $97.50 for work done for the defendant
from March 1 to April 15, 1909, according to an account annexed,
the Holt-Fairchild Company, a corporation, being summoned as
trustee.   Writ in the Municipal Court of the City of Boston dated
May 24, 1909.

The trustee filed an answer admitting that it had in its hands
at the time of the service of the writ goods, effects and credits of
the defendant to the amount of $83.97.   John Akins of Chelsea
filed a claim to the fund in the hands of the trustee, annexing a
copy of the following order:

"Holt-Fairchild Co.          "Chelsea, Mass. April 19, '09.

"Please pay to bearer John Akins all money due me for teaming
sand and old brick to First Baptist Church, Chelsea, Mass. to date
& oblige

John W. Haynes."

On appeal to the Superior Court the case was tried before
*Hitchcock,* J.   The only issue raised was between the plaintiff

and the claimant Akins as to which of them was entitled to the fund in the hands of the trustee. The questions to which the evidence related are stated in the opinion. At the close of the evidence the plaintiff asked the judge to make the following rulings:

"1. Upon the whole evidence the plaintiff is entitled to a verdict.

"2. That there is no evidence that, at the time of the service of the writ upon the trustee Holt-Fairchild Company, there was any amount due from the Holt-Fairchild Company to the defendant John Haynes for teaming sand and old brick to First Baptist Church, Chelsea, Mass., and therefore the plaintiff is entitled to a verdict."

The judge refused to make either of these rulings and ruled that there was sufficient evidence for the jury to consider, and allowed the case to go to the jury upon the evidence. The jury returned a verdict for the claimant in the sum of $83.97; and the plaintiff alleged exceptions.

*R. W. Frost,* for the plaintiff.

*W. F. Porter,* for the claimant.

HAMMOND, J. This is a plain case. Without reciting the evidence in detail it is sufficient to say that the questions, whether the order was given by Haynes to the claimant before the service of the writ upon the Holt-Fairchild Company, the alleged trustee, whether at the time it was given there was any money due from the company to Haynes "for teaming sand and old brick," to the church named in the order, and whether at the time of the service of the writ upon the company any of the money still in its hands was the sum covered by the order, and, if so, how much, were questions of fact and they were properly submitted to the jury.

*Exceptions overruled.*